UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CAROLYN SMITH     )
             )
v.            )    NO. 2:08-CV-139
             )
MICHAEL J. ASTRUE,    )
Commissioner of Social Security  )

## **O R D E R**

    This Social Security matter is before the Court to consider the Report and

Recommendation of the United States Magistrate Judge dated February 6, 2009. In

that Report and Recommendation, the Magistrate Judge recommends that the

defendant's motion for summary judgment, [Doc. 10], be denied, and plaintiff's

motion for summary judgment, [Doc. 6], be granted insofar as suggesting a remand.

More specifically, the Magistrate Judge recommends that the case be remanded to the

Commissioner for further development of the record regarding the plaintiff's mental

impairments. The defendant has filed objections to this recommendation, [Doc. 13].

    After careful and *de novo* consideration of the record as a whole, including the

Administrative Transcript, and after careful consideration of the Report and

Recommendation of the United States Magistrate Judge, and for the reasons set out

1

in that Report and Recommendation, which are incorporated by reference herein, and with modifications as set forth below, it is hereby **ORDERED** that the defendant's objections are **OVERRULED**, that this Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 12], that the defendant's motion for summary judgment, [Doc. 10], is **DENIED**, and that plaintiff's motion for summary judgment, [Doc. 6], is **GRANTED,** insofar as the case is remanded.

The United States Magistrate Judge recommended that the case be remanded to further develop the record regarding plaintiff's mental impairments because there is no countervailing opinion by another mental health professional stating that the plaintiff is capable of sustained gainful employment. The Magistrate Judge further opined that a consultative psychological examination would be necessary to allow the ALJ to properly evaluate the plaintiff's mental impairment.

The defendant objects to the Report and Recommendation stating that it is plaintiff's burden to provide sufficient evidence to conclude that she had a severe mental impairment, *see Landsaw v. Secretary of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986), and that while the ALJ has to authority to order a consultative examination, *see* 20 C.F.R. § 404.1519a-7; *Landsaw*, 803 F.2d at 214, the determination as to whether further evidence is necessary is within the ALJ's discretion, *see* 20 C.F.R. §§ 404.1517 and 404.1519a; *Foster v. Halter*, 279 F.3d 348,

2

355 (6th Cir. 2001). Thus, the defendant argues that the ALJ did not abuse his discretion because "there was a lack of evidence to demonstrate that Plaintiff had a severe mental impairment which required work-related limitations.

To review, the record demonstrates that the plaintiff's treating physicians made only occasional references to treating her for depression and/or anxiety, and on two occasions, February 4, 2004, and May 5, 2004, the plaintiff stopped taking her medication for depression and anxiety because she was feeling well. The records do not state that the treating physicians conducted any testing regarding the plaintiff's mental state other than their general examinations. Nonetheless, plaintiff did not seek mental health counseling from a counselor, psychologist, or psychiatrist from the date of her disability, July 14, 2004, to the date of the decision except for continuing to see her treating physicians and participating in a psychological examination at her attorney's request conducted by licensed psychologist Teresa E. Jarrell, M.A.

On November 30, 2004, the plaintiff visited Dr. Stirman and complained of having anxiety and depression for the previous six months, after her reports of doing well psychologically. Dr. Stirman, as a result, prescribed Cymbalta. On January 12, 2005, Dr. Mitri noted that the Cymbalta seemed to be helping the plaintiff. However, he did not specify to what extent. Further, on March 3, 2006, Ms. Jarrell, after conducting an MMPI-2, Mental Status Examination, and Clinical Interview,

3

determined that because the symptoms of depression had persisted despite the Cymbalta, a psychiatric referral should be sought. In addition, Ms. Jarrell diagnosed the plaintiff with major depressive disorder, generalized anxiety disorder, and pain disorder associated with both psychological factors and a general medical condition. As a result of her examination, she opined that the plaintiff was not capable of sustained gainful employment. Other than the reports that the plaintiff was doing well, which were reported prior to the examination by Ms. Jarrell, the record is devoid of any evidence to contradict Ms. Jarrell's findings. Actually, the record confirms that the plaintiff had been suffering from mental impairments, prior to her alleged date of disability, although the severity of the impairment is not clear from the record.

The ALJ did not find the plaintiff's mental impairment to be severe, and he rejected Ms. Jarrell's report, finding it internally inconsistent and "not consistent with the record or the fact that the claimant has not sought treatment by an acceptable medical source." Two weeks after the ALJ's decision, on June 19, 2006, the plaintiff was diagnosed with depression and anxiety and began seeing therapist Dawn Fritz. On September 26, 2006, Dr. Kathleen Walker diagnosed the plaintiff with major depressive disorder. However, the plaintiff does not argue for a remand based upon Sentence Six of Title 42 United States Code section 405(g), and thus, waived the issue in regard to these particular diagnoses.

4

The defendant is correct in that it is the plaintiff's burden to provide sufficient evidence to conclude she had a severe mental impairment, *see Landsaw*, 803 F.2d at 214, and that while the ALJ has to authority to order a consultative examination, *see* 20 C.F.R. § 404.1519a-7; *Landsaw*, 803 F.2d at 214, the determination as to whether further evidence is necessary is within the ALJ's discretion, *see* 20 C.F.R. § § 404.1517 and 404.1519a; *Foster v. Halter*, 279 F.3d 348, 355 (6ᵗʰ Cir. 2001). However, the defendant is incorrect that the ALJ did not abuse his discretion.

Here, as the Magistrate Judge found, despite the internal problems with Ms. Jarrell's report, a consultative examination was necessary to enable the ALJ to make the disability decision. Where the treating physician opinions do not contradict the conclusion that the plaintiff suffered from mental impairments and where the record raises a suspicion of mental impairment and unanswered questions as to the severity of those, the ALJ is not permitted to substitute his own conclusion that there was no evidence of significant mental impairment for that of the only examining psychologist. *See Wallace v. Secretary of Health and Human Servs.*, 722 F.2d 1150, 1154 (3ʳᵈ Cir. 1983) (remanding the matter where the ALJ misread the physician's report or rejected the reports conclusion without explaining his reasons for doing so where no other conflicting medical opinions were submitted). As such, the case

5

should be **REMANDED** for further development of the record regarding the

plaintiff's mental impairments.

E N T E R:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
